**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**         **Plaintiff,**         v. **MICHAEL HARRIS, also known as "Mike Mike," CHRIS BLITCH, DEVARL WASHINGTON, also known as "Breed," and MICHAEL CARWELL, also known as "Debo" and "Buster,"**         **Defendants.** | **Case No. 06 CR 586** **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

The Defendants, Michael Harris, Chris Blitch, Devarl Washington, and Michael Carwell (hereinafter, the "Defendants") were each found guilty of three counts of a four-count indictment charging them with Conspiracy to Possess with Intent to Distribute in excess of Five Kilograms of Cocaine (Count One); Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count Three); and Being a Felon in Possession of a Firearm (Count Four). They were each acquitted of Count Two charging Attempt to Possess with Intent to Distribute in Excess of Five Kilograms of Cocaine.

The underlying factual setting involved the all too familiar fake stash house robbery which had been set up by an undercover agent (here ATF Agent Gomez) and a confidential informant "to entice all-too-eager gangsters to agree to something illegal." *See, e.g.,*

*United States v. Corson*, 579 F.3d 804 (7th Cir. 804); *United States v. Lewis*, 641 F.3d 773 (7th Cir. 2011); and *United States v. Hall*, 608 F.3d 340.

Each of the Defendants has filed Post-Trial Motions seeking judgment of acquittals or in the alternative for a new trial. (The Court has previously ruled on Defendant Blitch's Post-Trial Motion as his sentencing hearing has already been held.)

### I. MOTIONS FOR JUDGMENT OF ACQUITTAL

In reviewing such a challenge, the Court reviews all of the evidence in the light most favorable to the Government. *United States v. Hale*, 448 F.3d 971, 982 (7th Cir. 2006). Defendants acknowledge that this normally is an almost "insurmountable" hurdle. *Id.* While the Defendants each urge that the evidence was insufficient to establish any type of agreement between them, their main thrust is that there was no evidence to support the element of Count One that they conspired to possess drugs "with the intent to distribute." However, the evidence was overwhelming with regard to establishing the agreement to rob the stash house. The Government played numerous tape recordings in which each of the Defendants contributed remarks that clearly showed that he was involved in the planning of the robbery of the stash house and was present when other Defendants contributed remarks and suggestions. As stated in *Corson*, "the jury convicted Marcus and Alverez of conspiring to rob a drug stash house and sell their loot. 'Conspiracy is agreement to violate some other law.' Though it might seem odd, the fact that the stash

house, the drugs - indeed the whole plot - was fake is irrelevant. That the crime agreed upon was in fact impossible to commit is no defense to the crime of conspiracy. The crime of conspiracy is the agreement itself." (Citations omitted). *United States v. Corson*, 579 F.3d at 810.

The Defendants, however, contend that there was no evidence that they intended to distribute the expected proceeds of the stash house robbery. The Court notes that the Defendants did not argue this in the *Corson* case. However, the evidence of intent to distribute was, in fact, overwhelming. The Defendants on several occasions, as they did in *Corson*, discuss how the expected kilogram quantities of cocaine were to be distributed among themselves. At various times the amounts were to be expected to be 2 1/2 Kilograms, and toward the end 3 kilograms each. On several occasions in the presence of each other the need to repackage the cocaine was discussed by some of the co-conspirators in order to maximize the profits. (Selling "fi'ty hard" and "forty soft" and dividing in "dubs" (twenty dollar bags) and "dimes" (ten dollar bags). The jury was entitled to conclude that these were not amounts which would be for personal consumption only so that the conspiracy was to include plans to distribute the robbery proceeds to others. *See United States v. Lewis*, 641 F.3d 773, 782 (7th Cir. 2011) ("A jury could reasonably believe that no sane person would rob a stash house guarded by armed gang members to score some recreational drugs for personal use.")

The Defendants' reliance on *United States v. Radomski*, 473 F.3d 728 (7th Cir. 2007) is misplaced. In that case the defendant and a co-defendant agreed to rob an FBI informant, posing as an Ecstasy dealer, of the proceeds of expected Ecstasy transaction. The informant turned over the agreed upon sum of money to the co-defendant who took the proceeds with the promise that he would return with the Ecstasy. Instead he and the defendant took off with the money without turning over the Ecstasy. In reversing Radomski's conviction (the co-defendant pleaded guilty) the court noted that the evidence amounted merely to evidence of intent to defraud. A conspiracy to pretend to sell an illegal drug is not a crime. Here the defendants by their own words intended to rob the stash house of cocaine, not money proceeds.

The final argument the Defendants make is that the evidence merely demonstrated a mere buyer-seller relationship which is insufficient to establish a conspiracy to distribute illegal drugs, citing *United States v. Harris*, 567 F.3d 846, 850-851 (7th Cir. 2009). However, there was no such relationship between the alleged co-conspirators. They were on the same, *i.e.*, receiving side of the expected transaction, which precludes a buyer-seller relationship. *United States v. Johnson*, 437 F.3d 665, 675 (7rth Cir. 2006).

Each Defendant also moves for acquittal on Count Three, using a fire arm in relation to a drug trafficking crime. The arguments of the Defendants as to why they should be acquitted on Count Three depend on their success in obtaining acquittal on Count One. Since

- 4 -

they are not successful in obtaining acquittal on Count One, they are not entitled to acquittal on Count Three.

Accordingly the Motion for Acquittal by the Defendants is denied.

## II. MOTION FOR A NEW TRIAL

Each Defendant also moves in the alternative for a new trial.

### A. Reference to "Home Invasion"

The Defendants claim that the Court erred in refusing to bar the Government from referring to Defendants' actions as a "home invasion." The contention is that this was prejudicial. However, Defendant Washington in one of the recorded conversations referred to the plan as a "home invasion." The Defendants on cross- examination of an ATF agent clearly established that there were to be no children, families, elderly people or pets expected in the stash house which made clear to the jury that the robbery was not of what one would consider a "home." Consequently, there was no error committed by the use of the term "home invasion."

### B. *Batson* Violation

The Defendants also contend that there was a *Batson* violation committed during jury selection. An African-American juror was struck by the Government. The stated reason was that the juror's son had a drug conviction. This was a race neutral reason. The Defendants do not contend that the Government failed to strike a non African-American juror who had a similar relation with a drug conviction. Accordingly there was no *Batson* error.

## C. Entrapment Defense

Defendant Harris challenges the Court's pre-trial exclusion of the entrapment defense. To raise such defense a defendant must establish (1) that he was induced by a government actor to commit the crime at issue; and (2) that he was not predisposed to commit that crime. *United States v. Hall*, 608 F.3d 340, 343 (7th Cir. 2010). Here there was no question that the Government induced Harris to commit the crime but he could not show a lack of predisposition. Here Harris had convictions for unlawful use of a weapon and aggravated battery which showed that he was predisposed to possess and use guns, commit violence, and distribute drugs, all in violation of the law. He also in response to a question of whether he had done this before, responded "We certified with this shit." He, along with his co-defendants, also turned down an offer by the undercover agent that if he didn't want to commit the planned robbery, he, as well as his associates, could leave and the agent would find others who would commit the robbery. He received no takers. Accordingly there was no error in denying Harris the defense of entrapment.

## D. Carwell Statement

Harris also challenges the admission of the statements of the Co-Defendant Carwell. The statements involved Carwell's plan to sell his share of the cocaine after the robbery. Since the Defendants were co-conspirators, the statements were admissible under Fed. R. Civ. P. 801(d)(2)(E) because there was a reasonable basis for determining that they were in furtherance of the conspiracy. What to

do with the proceeds of the conspiracy is obviously in furtherance of the conspiracy. *United States v. Zizzo*, 120 F.3d 1338, 1353 (7th Cir. 1997). Therefore, there was no error in the admission of Carwell's statement.

### E. Peremptory Statement

Defendant Washington challenges the Court's denial of additional peremptory challenges. However, the decision to award additional challenges rests with the discretion of the court. The Court granted the number of challenges required by Rule 24(b) of the Federal Rules of Criminal Procedure. There is a sound basis for limited the number in order to conserve judicial resources and require counsel to make strategic decisions. *United States v. Farmer*, 924 F.2d 647, 653 (7th Cir. 1991). Besides, no Defendant has shown any actual prejudice by the court's limitation.

### F. Prior Conviction Evidence

Next, Defendant Harris argues that the Court unfairly denied the Defendants' right to stipulate to their prior convictions with regard to the felon in possession count and thus keep that fact from the jury. Harris cites *Old Chief v. United States*, 519 U.S. 172 (1997) in support. However, the prior conviction is an element of the offense which the prosecution must prove beyond a reasonable doubt. The Court adopted here the procedure followed in *United States v. Higdon*, 638 F.3d 233, 239-244 (3rd. Cir. 2011): advising the jury that the defendants were previously convicted of a felony

but not disclosing the nature or the specifics of the felony. If there was no evidence of a felony conviction in the record the jurors might reasonably wonder how it could convict a defendant of being a felon in possession. There was no error here.

### G. Jury Instruction

The Defendants also claim that the Court erred in refusing Defendants' tendered Jury Instructions Numbers 4 and 6. These instructions were based on Defendants' view that a conspiracy to rob a stash house could not constitute a conspiracy to possess drugs with the intent to distribute. This issue has been previously dealt with in this opinion.

Accordingly there being no substantial error committed during the course of the trial, the Motion for a New Trial is denied.

### III. CONCLUSION

The Motions of the Defendants for a Judgment of Acquittal on Counts One and Three is denied. The Defendants' Motion for a New Trial is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 11/15/2011